UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ARIEL JOY BOO BAC,

          Plaintiff,                                    Hon. Robert J. Jonker

v.                                         Case No. 1:25-cv-672

COMMISSIONER OF
SOCIAL SECURITY,

          Defendant.

_____/


**REPORT AND RECOMMENDATION**

This matter is before me on Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C § 2412. (ECF No. 24.) On March 3, 2026, the Court entered a Stipulation and Order and Judgment remanding the matter to the Commissioner pursuant to 42 U.S.C. § 405(g) for further administrative proceedings. (ECF Nos. 22 and 23.) As set forth in her application, Plaintiff seeks an EAJA fee award of $7,118.91 representing 31.56 hours of attorney time at an hourly rate of $204.75 and 6.57 hours of paralegal time at an hourly rate of $100.00. (ECF No. 24-1, PageID.4767.) Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **grant** the fee request.

Under the EAJA, the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of attorney's fees and costs. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not entitled to attorney's fees under the EAJA as a matter of course, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. §

2412(d)(1)(A). As noted, pursuant to the parties' stipulation, the Court remanded this matter to the Commissioner for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g). There is no indication here that the Commissioner's position was substantially justified, or that special circumstances weighing against an award are present.

### *Hourly Rate*

Pursuant to the EAJA, an hourly rate shall be "based upon prevailing market rates for the kind and quality of the services furnished," subject to a presumptive cap of $125 per hour. 28 U.S.C. § 2412(d)(2)(A). A court may award a higher amount if it "determines that an increase in the cost of living or a special factor . . . justifies a higher fee." *Id.* A fee applicant "bear[s] the burden of producing appropriate evidence to support [a] requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).

For several years, judges in this district have agreed that $204.75 is an appropriate EAJA hourly rate. *See Belanger v. Comm'r of Soc. Sec.*, Case No. 2:20-cv-009, Opinion and Order, ECF No. 28 (W.D. Mich.) (finding that inflation and cost-of-living increases supported increasing the hourly EAJA rate from $175 to $204.75); *see also Rinheart v. Comm'r of Soc. Sec.*, No. 1:24-cv-1141, 2026 WL 545093, at *1 (W.D. Mich. Feb. 2, 2026), *adopted by* 2026 WL 542570 (W.D. Mich. Feb. 26, 2026); *Coy v. Comm'r of Soc. Sec.*, No. 1:24-cv-414, 2024 WL 6975220, at *1 (Dec. 12, 2024). In her present application, Plaintiff requests an hourly rate of $204.75. Therefore, I find that the requested hourly rate is reasonable.

As for the paralegal rate, the requested hourly rate of $100 is in line with other EAJA fee awards granted in this district. *See Reginald V. v. Comm'r of Soc. Sec.*, No. 1:25-cv-62, 2026 WL 705206, at *1 (W.D. Mich. Feb. 24, 2026), *adopted sub nom. Vick v. Comm'r of Soc. Sec. by* 2026 WL 703354 (W.D. Mich. Mar. 12, 2026). Therefore, I find that this rate reasonable as well.

*Number of Hours*

Plaintiff seeks an award based on 31.56 hours of attorney work and 6.57 hours of paralegal work, for which she presents a table describing each task performed and the number of hours spent on each task. (ECF No. 24-2, PageID.4771-73.) Defendant does not object to the number of hours, and having reviewed Plaintiff's submission, I find the number of hours claimed to be reasonable. Accordingly, I recommend that the Court award Plaintiff fees of $7,118.91 based on the above-recommended hourly rate.

## CONCLUSION

For the foregoing reasons, I recommend that the Court **grant** Plaintiff's application for EAJA fees in the amount of $7,118.91.

In light of the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010), an order awarding EAJA fees must be entered directing payment to Plaintiff, not counsel. *Id.* at 591–93; *see also* 28 U.S.C. § 2412(d)(1)(A) (the EAJA awards fees "to a prevailing party"); *Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 934–35 (6th Cir. 2017) (reaffirming that *Astrue* requires EAJA fees to be paid to the claimant). Therefore, I recommend that the Court order that payment be made directly to Plaintiff.

Dated: June 2, 2026                                    /s/ Sally J. Berens
                                                      SALLY J. BERENS
                                                      U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

3